STATE, Respondent, v. CAREY, Appellant.

, (165 N. W. 539.)

(File No. 4110.   Opinion filed December 13, 1917.)

1.  **Game—Unlawful Interstate Shipment—Lawfully Killed Ducks—State Statute—Federal Statute As Governing, Immateriality of.**

    Appellant having been convicted for unlawful shipment of wild ducks to a point without the state, in violation of Laws 1909, Ch. 240, Sec. 29, and contending he was illegally convicted because Act. Cong. Mch. 4, 1913—Ch. 145, 37 Stat. At Large (Comp. Stat. 1913, Sec. 8837), known as Federal Migratory Game Bird Law, places all migratory birds under federal protection, thereby suspending the state law, the state contending that the federal statute is unconstitutional and had not the effect claimed by appellant; the federal act providing that all migratory game and insectivorous birds shall be deemed within custody and protection of the federal government and shall not be destroyed or taken contrary to regulations thereinafter provided; held, that, the record not showing that the ducks were killed in violation of the federal law or its regulations, but that they were lawfully killed and lawfully in defendant's possession at the time of alleged shipment, it is immaterial whether the federal act is or not constitutional.

2.  **Same—Unlawful Interstate Shipment—Killing of Game, Whether Unlawful, Immateriality of Question.**

    Under Laws 1909, Ch. 240, Sec. 29, making it unlawful to ship or cause to be shipped wild ducks by any private or common carrier, to any person either within or without the state, it is immaterial whether the killing of such ducks was lawful or unlawful.

3.  **Same—Unlawful Interstate Shipment—State Statute, Whether Within Police Power.**

    Laws 1909, Ch. 240, making it unlawful to ship or cause to be shipped wild ducks to any person within or without the state, is within police power of the Legislature.   So held, against the objection that said act conflicts with federal statute, Ch. 145, 37 Stat. At Large (Comp. Stat. 1913, Sec. 8837).

4.  **Appeals—Error—Unlawful Game Shipment—Identity of Carrier, Sufficiency of Evidence.**

    On appeal from a conviction for unlawful shipment of wild ducks by defendant, in violation of Laws 1909, Ch. 240, Sec.

29, making it unlawful to "carry or cause to be shipped or transported by common or private carrier, to any person," wild ducks, **held,** that the question whether the evidence was or not sufficient to show what or who Wells Fargo & Company, the alleged carrier, was, is immaterial; the evidence showing said company was a carrier, either private or common, and actually accepted and carried said consignment over part of the route of shipment.

5. **Carriers—Unlawful Duck Shipment—Consignee, Identity of, Sufficiency of Evidence.**

On appeal from judgment of conviction for unlawful shipment of wild ducks, in violation of Laws 1909, Ch. 240, Sec. 29, prohibiting shipment "by common or private carrier," of such game, **held,** that where information charges and evidence shows that shipment in question was consigned to Charles Comiskey at Chicago, Illinois, the question whether there was such a person or whether he was capable of receiving such shipment is immaterial; the gravamen of the offense consisting in delivery of the ducks to a carrier for purpose of being shipped to any person at some other place; that said name is one of a natural person, and in absence of contrary proof he will be presumed capable of receiving the consignment.

Appeal from Circuit Court, Douglas County. Hon. ROBERT B. TRIPP, Judge.

The defendant, W. E. Carey, was convicted for unlawful shipment of wild ducks to a point without the state, and he appeals. Affirmed.

*Walker & Gurley,* (*Kirby, Kirby & Kirby* of counsel), for Appellant.

*C. C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *John W. Addie,* State's Attorney, for Respondent.

POLLEY, J. Appellant in this case was tried and convicted upon an information charging him with the shipment of 15 wild ducks to a point without the state, in violation of the provisions of section 29, chapter 240, of the Laws of 1909. Several reasons why the conviction is illegal are urged by appellant, but the principal ground relied upon is that the act of Congress approved March 4, 1913 (chapter 145, 37 Stat. at Large, 847 [Comp. Stat. 1916, § 8837]), commonly known as the Federal Migratory Game Bird Law, placed all migratory game birds under federal protection, and thereby suspended all state laws in regard to the same subject; while, on the other hand, it

is contended by the Attorney General that the said federal act is unconstitutional and did not have the effect claimed for it by the appellant. Said act provides that:

"All * * * migratory game and insectivorous birds * * * shall hereafter be deemed to be within the custody and protection of the Government of the United States, and shall not be destroyed or taken contrary to regulations hereinafter provided therefor.".

[1] But it nowhere in the record appears that the ducks in question were killed in violation of this law or of any regulation made thereunder. So far as appears from the record, said ducks were lawfully killed and lawfully in the possession of the defendant at the time of the alleged shipment. Therefore it is immaterial to the issues in this case whether the said federal act is constitutional or not.

[2] By the provisions of section 29, c. 240, Laws of 1909, it is made unlawful to ship wild ducks or to cause them to be shipped by any private or common carrier to any person either within or without the state, and it is immaterial, under the provisions of this act, whether the killing of such ducks was lawful or unlawful.

[3] Appellant does not question the power of the Legislature to enact chapter 240, Laws of 1909, except so far as it conflicts with the said federal act. And that the enactment of said chapter 240 is within the police power of the Legislature is well established by the state and federal courts. State v. Rodman, 58 Minn. 393, 59 N. W. 1098; Geer v. Connecticut, 161 U. S. 519, 16 Sup. Ct. 600, 40 L. Ed. 793.

[4] It is contended by appellant that the evidence is insufficient to support the verdict. The information charges that the ducks in question were delivered for shipment to Wells Fargo & Co., an express company and a common carrier of goods, to be carried from Armour, in this state, to Chicago, Ill. The evidence shows that said ducks were received by Wells Fargo & Co., at Armour, and by that company carried as far as Tripp, S. D., where they were seized by a game warden. The particular point made by appellant is that the evidence does not show what or who Wells Fargo & Co. is. This is wholly immaterial. Section 29, c. 240, Laws of 1909 makes it unlawful to "convey or cause

to be shipped or transported by common or private carrier, to any person, either within or without the state," wild ducks of any variety. The evidence shows that the company named in the information was a carrier, either private or common and that it did actually accept and carry wild ducks a part of the way from the place of shipment to the place of consignment. This is sufficient under the law.

[5] Lastly appellant contends that there is no evidence to show that there was any such person as the consignee named in the information, or any other person capable of receiving such shipment if it went to Chicago. This contention is without merit. The information charges, and the evidence shows, that the shipment in question was consigned to Charles Comiskey, at Chicago, Ill. Whether there was such a person as Charles Comiskey or whether he was capable of receiving such shipment is wholly immaterial. The gravamen of the offense consists in the delivery of the ducks to a carrier, private or common, for the purpose of being shipped to any person at some other place. The name "Charles Comiskey" is the name of a natural person, and, in the absence of proof to the contrary, he will be presumed to be capable of receiving said consignment. The evidence is amply sufficient to support the verdict.

Finding no error in the record, the judgment and order appealed from are affirmed.